UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HIGHLY FAVORED SHEKINAH EL,

    Plaintiff,

v.       CASE NO. 3:20-cv-47-J-20JBT

JIM OVERTON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED**.

In its prior Order (Doc. 6), the Court took the Motion under advisement and stated that Plaintiff's Claim (Doc. 1) was deficient in numerous respects and largely incomprehensible. (Doc. 6 at 3.) It appears that Plaintiff is attempting to bring a

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

claim against Defendant, the Duval County Tax Collector, for his failure to remove certain property from the Tax Collector's record. (Doc. 1 at 4; Doc. 1-1 at 12.) For example, as her "Statement of the Claim," Plaintiff states in part:

> In violation of the Treaty of Camp Holmes, Treaty of Peace & Friendship, United Nations Rights of Indigenous People, United States for America Constitution, Jim Overton has repeatedly dishonored Plaintiff's lawfully recorded allodial aboriginal paramount clear perfect title of conveyance / transfer of hereditaments corporeal and incorporeal to AAMARU Tribal Private Trust (Exhibit A), refusing to remove said trust property from Duval County Tax Collector's record, exempt from lien/levy via discharge bankruptcy case #18-40381 (Exhibit B), Recorded Duval County Clerk of Court 10/4/19, 10/24/19, 11/13/19, recorded in Flagler County Clerk of Court 10/10/19 (Exhibit A), Discharged through U.S. Treasury 11/26/19 (Exhibit E) Discharged via private exemption 1/1/20 (Exhibit E). Jim Overton used send threatening communications to Plaintiff via USPS violating her divine, natural, constitutional, treaty unalienable rights to life, liberty & pursuit of happiness.

(Doc. 1 at 4.)

The Court stated that to the extent "Plaintiff may be contending that Defendant is not authorized to keep Plaintiff's property on the tax rolls in part because of her status as a 'Moorish American National' . . . '[t]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside.' *Smith ex rel. Bey v. Kelly*, Case No. 12-cv-2319 JS AKT, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012)." (Doc. 6 at 4.) The Court also noted that the other grounds alleged in the Claim appeared to have no legal basis. (*Id.*) Additionally, the Court noted that the Motion may also be

deficient in that it is unclear how Plaintiff has no monthly expenses or income. (*Id.* at 5 n.3; *see* Doc. 2.)

However, Plaintiff was given an opportunity to "file an amended complaint in compliance with [the prior] Order" on or before March 12, 2020. (Doc. 6 at 5.) Plaintiff was cautioned that if she "fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action." (*Id.*) To date, Plaintiff has not filed an amended complaint.[2] For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for failure to state a claim on which relief may be granted.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on March 20, 2020.

JOEL B. TOOMEY
United States Magistrate Judge

---

[2] Since the entry of the Court's prior Order (Doc. 6), Plaintiff has submitted a Case Management Conference Offer in the Form of an Affidavit (Doc. 7), an Affidavit for Entry of Clerk's Default (Doc. 9), a Notice of Appeal (Doc. 10), and a Motion for Permission to Appeal *In Forma Pauperis* and Affidavit (Doc. 12). However, she has not submitted an amended complaint.

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

Pro Se Plaintiff