UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**HIGHLY FAVORED SHEKINAH EL,**
 **Plaintiff,**

v.              CASE NO. 3:20-cv-47-J-20JBT

**JIM OVERTON,**
 **Defendant.**
_____/

## ORDER

  **THIS CAUSE** is before this Court on the Magistrate Judge's Report and Recommendation (Dkt. 13) that advises this case be dismissed for Plaintiff's failure to state a claim. In response, Plaintiff filed the following pleadings: 1) an "Affidavit for Transfer to Cure Want of Jurisdiction" (Dkt. 14); 2) an "Affidavit for Entry of Clerk's Default Judgment" (Dkt. 16); and 3) an "Affidavit to Compel Discovery Specifically Interrogatories Answers" (Dkt. 17). This Court will construe these pleadings as objections to the Report and Recommendation.

**Procedural History**

  Plaintiff filed this action in January 2020. (Dkt. 1). In conjunction with her Claim, the initial pleading, Plaintiff filed a motion for leave to proceed in forma pauperis. (Dkt. 2).

  In February 2020, the Magistrate Judge took the motion for leave to proceed in forma pauperis under advisement but counseled Plaintiff's Claim was deficient and largely incomprehensible. (Dkt. 6). Plaintiff was given an opportunity to address these deficits by filing an amended complaint by March 12, 2020.

  Plaintiff took a different course of action—she appealed the Magistrate Judge's Order to the Eleventh Circuit. (Dkt. 10). On April 22, 2020, the Eleventh Circuit dismissed this appeal explaining it lacked "jurisdiction to review the magistrate judge's order because the order had not been rendered final and appealable by the district court when Highly Favored Shekinah El

filed this appeal." (Dkt. 18).

Plaintiff did not amend her Claim within the timeframe provided by the Magistrate Judge—nor has she done so at this time. The Magistrate Judge responded by entering the Report and Recommendation under consideration. (Dkt. 13).

The Report and Recommendation characterized Plaintiff's Claim against Defendant, the Duval County Tax Collector, as an apparent attempt to sue for Defendant's failure to remove certain property from the Tax Collector's record. (Dkt. 13). The Magistrate Judge explained Plaintiff's status as a "Moorish American National" did not exclude her from being subject to the laws of the jurisdiction in which she resided, and Plaintiff's other charges "alleged in the Claim appeared to have no legal basis." (*Id.*) It is also worth noting, the Magistrate Judge identified a deficiency in the motion for leave to proceed in forma pauperis; Plaintiff had not listed her monthly expenses or income. (*See* Dkt. 2). The Magistrate Judge, therefore, recommended this case be dismissed.

**Analysis**

If a party files written objections to a Report and Recommendation, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b). During this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

A district court's obligation to conduct a de novo review is activated after "a proper, specific objection" to the Report and Recommendation is made. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (citing *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir.1992)). Notably, "where a litigant fails to offer specific objections to a magistrate judge's

factual findings, there is no requirement of de novo review." *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Garvey v. Vaughn*, 993 F.2d 776, 779 & n. 9 (11th Cir.1993)). The objection, significantly, must "be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784. To qualify as specific an "objection must 'identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.'" *Kohser*, 649 F. App'x at 777 (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)).

Plaintiff's construed objections are not specific, nor do they identify her issues with the Report and Recommendation. This Court will consequently adopt the Report and Recommendation. Out of an abundance of caution, this Court also conducted a de novo review of the Report and Recommendation and determines that it should be fully adopted. This Court agrees with the Magistrate Judge that Plaintiff's Claim does not state causes of action.

Accordingly, it is **ORDERED:**

1. Plaintiff's construed objections are **DENIED**, and the Magistrate Judges Report and Recommendation (Dkt. 13) is **ADOPTED**;

2. This case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to state a cause of action; and

3. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _____ day of May, 2020.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Hon. Joel B. Toomey
Highly Favored Shekinah El, *Pro Se*